IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAKECIA MONIQUE WILLIAMS**                                                       **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.: 3:15CV110HTW-LRA**

**JACKSON PUBLIC SCHOOLS**
**and MURRAH HIGH SCHOOL**                                                     **DEFENDANTS**

### ORDER

This matter came before the Court on the Plaintiff's Motion for Fees and Expenses incurred as the result of Defendants' failure to timely advise the Court of a conflict with the scheduled settlement conference. The relevant facts leading up to this Motion are uncontested. On June 18, 2015, a Case Management Order was entered in this matter that set a settlement conference for November 3, 2015. On September 2, 2015, this Court amended the Order to provide that the settlement conference would occur before a different Magistrate Judge and at a slightly later time. On the day after the reminder notice was served, counsel for the Plaintiff made her appearance in this case. On October 28, counsel for the Defendants sent an email to Plaintiff's counsel, stating, "Counsel for Jackson Public Schools is currently in trial this week and will be in trial all week long on next week. I will need to request a continuance from the Court. Thank you." No request for a continuance was made.

November 3, 2015, was a Tuesday. Plaintiff traveled from Georgia to Mississippi the weekend before, so as to have time to meet with her attorney on Monday, November 2. On November 2, after the Court had emailed counsel a reminder of the settlement conference, defense counsel notified the Court that she was in a trial with another Judge of this Court, and the settlement conference was canceled. The docket entry canceling the settlement conference states:

> Since counsel for defendants did not notify the Court in a timely manner as to the possible conflict especially since this matter was reset before Judge Roper on September 2, 2015 with the same date and time for the Settlement Conference as in the Case Management Order and a reminder as to same entered on 10/22/2015, the Court will entertain a motion for expenses occurred by Plaintiff.

This Motion followed.

The Court finds that the failure of counsel for the Defendants to notify the Court of the conflict created by her trial schedule does not substantially justify her noncompliance with the Court's Order setting the settlement conference in this case. The Court accepts the contention of counsel for the Defendants that the failure was inadvertent and not intended to show disrespect to the Court of the Plaintiff. However, the Court reminded counsel on numerous occasions that the conference had been scheduled. In addition to the original Case Management Order, two later docket entries reminded the parties that the conference would occur. It was only after an emailed reminder was served that defense counsel finally notified the Court of her conflict. At the time that the settlement conference was scheduled, Defendants' counsel was in trial in this Court in the case of *Brookshire v. Jackson Public Schools, et al.*, Civil Action No. 3:13cv772HTW-LRA. A review of the docket in that case shows that the trial date was set by an Order entered on October 14, 2015, which was substantially later than the Order setting the settlement conference in this case. L.U. Civ. R. 16(k) states, with regard to conflicting settings, "[I]t is the absolute duty of counsel to inform the court of the later setting in order that the conflict might be resolved and calendars cleared for other settings. It is essential for counsel and the court or courts involved to resolve potential conflicts at the earliest practical date."

The Court also finds that an award of sanctions would not be unjust in this case. The Plaintiff is an individual and is proceeding in this case *in forma pauperis*. According to its website,

Defendant Jackson Public Schools is the second largest school system in the State. The Plaintiff traveled to Jackson from Georgia by bus and stayed with relatives to comply with the Court's directive that she attend the settlement conference. This would have been unnecessary if a timely notice or request for a continuance had been made by the Defendants. In light of the difference in resources between the parties, the Court does not believe that compensating the Plaintiff for her costs and expenses is unjust in this circumstance.

An appropriate award to compensate the Plaintiff for the expenses incurred as the result of the Defendants' conduct can include out-of-pocket costs and attorney's fees. *Bradley v. United States*, 866 F. 2d 120, 128 n. 13 (5th Cir. 1989). Here, the Plaintiff has presented the Court with the following categories of costs and expenses:

    (a)    One-way Greyhound bus ticket in the amount of $48.90.
    (b)    House sitter for house in Atlanta in the amount of $50.00.
    (c)    Lodging with a relative in the amount of $100.00 for the weekend.
    (d)    Toiletries and other personal necessities in the amount of $34.77.
    (e)    Gasoline for private vehicle for ride home in the amount of $50.00.
    (f)    Food in the amount of $91.02.
    (g)    Party supplies for son's birthday on November 4, 2015, in the amount of $50.00.
    (h)    Reasonable attorney's fees in the amount of $625.00 for 2.5 hours at $250.00 per hour in preparation for the settlement conference.

With regard to categories (a), (b), (c,), (e), and (f), the Court finds that the Plaintiff has presented legitimate expenses that should be awarded to the Plaintiff pursuant to Rule 16(f). The Court is not inclined to award compensation for expenses not directly related to her trip to Jackson; therefore, there will be no award for categories (d) or (g). The Court has reviewed the Plaintiff's claim for attorneys' fees and is of the opinion that preparation would have been required regardless of when the settlement conference occurred. Further, the Plaintiff failed to file a new settlement memorandum, relying on the prior submission. Thus, the Court awards no attorney's fees.

IT IS, THEREFORE, ORDERED that the Defendants pay to the Plaintiff the sum of $339.92 within ten days of the entry of this Order.

IT IS SO ORDERED, this the 23rd day of February, 2015.

                                                                /s/ John M. Roper
                                          UNITED STATES MAGISTRATE JUDGE